IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAE EEK CHO, | ) |
| Plaintiff, | ) ) ) |
| v. | )   CIVIL ACTION NO. 5:13-CV-153 (MTT) |
| UNITED STATES OF AMERICA and JOHN and/or JANE DOES, | ) ) ) ) |
| Defendants. | ) ) ) |

## ORDER

This matter is before the Court on the Defendants' motion to dismiss. (Doc. 11). The Plaintiff's complaint tells a story of horrific abuse. In support of their motion to dismiss, the Defendants have filed documents that, if authentic and true, almost certainly belie the Plaintiff's claims. While the Court can, in limited circumstances, consider matters outside the complaint, the Defendants go far beyond those circumstances.[1] No matter how firm a party's conviction that a claim lacks merit, it sometimes is necessary to build an appropriate record before summary resolution is appropriate. For now, the Court must view the complaint's allegations in the light most

---

[1] Under the "incorporation by reference" doctrine, "a document attached to a motion to dismiss may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002) (citation omitted). "'Undisputed' in this context means that the authenticity of the document is not challenged." *Id.* (citation omitted). Although Cho states that she "does not waive authenticity and relevance rights" regarding the Defendants' documents, the Court need not determine whether all of the documents are authentic because it is not fair to say that Cho's claims are based on those documents. (Doc. 12 at 1). Thus, the Court does not rely on the documents in its consideration of the Defendants' motion with the exception of the attached Form 95. Cho does not state any reason why she believes the attached form is not a genuine copy of her administrative claim, and as discussed above, the ability of this Court to hear a FTCA claim is jurisdictional.

favorable to the Plaintiff.  For the reasons discussed below, the motion is **GRANTED in part** and **DENIED in part.**

## I.  FACTUAL BACKGROUND

Plaintiff Dae Eek Cho alleges she was taken into custody by U.S. Immigration and Customs Enforcement on April 27, 2011.  (Doc. 1 at ¶ 6).  Cho was scheduled for a hearing at the immigration court in Atlanta, Georgia on the same day, but ICE agents did not take Cho to her hearing.  Therefore, the immigration judge administratively closed her case.  (Doc. 1 at ¶ 6).  Cho was then transported to a detention center in Ocilla, Georgia.  (Doc. 1 at ¶ 8).

On May 10, 2011, Cho was issued another Notice to Appear at the immigration court.  (Doc. 1 at ¶ 11).  On May 11, Cho and her husband made an appearance before the immigration judge and informed him that she was a cancer patient and her medication was being withheld from her.  (Doc. 1 at ¶ 12).  Cho also requested a 601 waiver application from the judge and was ordered to return with her husband on May 25 with the completed application and supporting documents.  (Doc. 1 at ¶ 12).  Cho alleges she was also instructed to inform her ICE case worker of her medical needs, but her case worker denied the treatment.  (Doc. 1 at ¶¶ 12, 22).

Cho and her husband returned to the immigration court on May 25, but she alleges they were denied access to the court by ICE agents.  (Doc. 1 at ¶ 13).  The hearing was reset numerous times, but Cho alleges she and her husband were continually denied access to the court, resulting in her continued incarceration for eight months.  (Doc. 1 at ¶¶ 14-19).

On July 7, 2011, Cho was transported from Ocilla to Atlanta for a hearing at the immigration court and was allegedly denied food, water, and air conditioning on the four hour trip. (Doc. 1 at ¶ 23). Cho also alleges she was pushed off a bus by an ICE agent on October 28, causing her to sustain abrasions to her legs. (Doc. 1 at ¶ 24). During her confinement, Cho states she was routinely subjected to "harassment and name calling" by federal agents. (Doc. 1 at ¶ 21).

## II.  DISCUSSION

### A.  Motion to Dismiss Standard of Review

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain specific factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679. "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir. 2002). Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts. *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993) (citation omitted).

### B. Federal Tort Claims Act

The FTCA provides a limited waiver of the United States' sovereign immunity "for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). The FTCA permits claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." *Id.* Cho's FTCA claims are based upon the torts of false arrest, assault, battery, false imprisonment, unlawful invasion of privacy, and intentional and negligent infliction of emotional distress.[2]

A FTCA action may not be brought in court "unless the claimant shall have first presented the claim to the appropriate Federal agency and [her] claim shall have been finally denied by the agency in writing [or the agency fails to make a final disposition of the claim within six months from the date the claim is filed.]" 28 U.S.C. § 2675(a).

While Cho filed an administrative claim with the appropriate federal agency, she did not present all of the claims she asserts in this Court in her administrative claim. Cho argues that Form 95 is "not designed to accommodate claims of this outrageous nature" and that her failure to list all of her claims is irrelevant because "ICE had no intention of settling [her] claim[s]." (Doc. 12 at 3). Cho's argument is without merit. First, Form 95 is a standard form used to present any administrative claim for damage, injury, or death to the relevant agency. The form did not prevent Cho from stating all of

---

[2] While the Defendants note that claims for false arrest, assault, battery, and false imprisonment are generally barred under the FTCA pursuant to 28 U.S.C. § 2680(h), the Defendants concede that this exception does not apply to federal law enforcement officers. (Doc. 11-1 at 10).

her claims against ICE,[3] and it allowed her to attach additional pages as necessary, which she did. Further, "[t]he FTCA requires that *each* claim and *each* claimant meet the prerequisites for maintaining a suit against the government." *Dalrymple v. United States*, 460 F.3d 1318, 1325 (11th Cir. 2006) (citing 28 U.S.C. § 2675(a)). Filing a proper administrative claim is a "jurisdictional requirement." *Id.* at 1324.

Cho's claim for battery is presumably based on the alleged event of being pushed off a bus by an ICE agent. This allegation, however, was not included in her administrative claim. Cho also failed to include a claim or any facts that would support a claim for invasion of privacy in her administrative claim.[4] Accordingly, Cho's battery and invasion of privacy FTCA claims are **DISMISSED without prejudice**.

The Defendants mainly argue, based on numerous documents attached to their motion, Cho's claims are without merit. Again, with properly authenticated documents in the context of a motion for summary judgment, it might be easily established that Cho cannot pursue her claims. However, the Court cannot make that determination on the record before it. Cho has alleged that she was improperly detained for eight months prior to her release. The Court cannot find that the alleged improper detention is not actionable based on the state of the pleadings.

Regarding Cho's remaining FTCA claims, the Defendants argue that Cho "does not identify any federal law enforcement officer, acting within the course and scope of

---

[3] In fact, Cho wrote "NA" under the section of the form that allowed her to describe any personal injuries she received. (Doc. 11-13 at 3). Cho also stated in her administrative claim that she had "other issues" and would follow up with further information and documents, but apparently, she never followed up. (Doc. 11-3 at 6).

[4] Cho does not assert any facts in her complaint before this Court that would give rise to a claim for invasion of privacy either.

his federal employment, who committed these torts." (Doc. 11-1 at 10).  Presumably, the Defendants are not arguing Cho has not identified agents by name, but rather, she has not sufficiently alleged agents were operating within the scope of their office or employment.  In any event, this argument is without merit.  While Cho refers to only one federal officer by name, she also identifies ICE agents and her ICE case worker as the tortious actors.

The Defendants also argue that Cho may not pursue false arrest and false imprisonment FTCA claims because "[j]udicial review of a determination to detain an alien prior to removal is not reviewable by a court [pursuant to] 8 U.S.C. § 1226(e)." (Doc. 11-1 at 11).  This section provides:

> The Attorney General's discretionary judgment regarding the application of this section shall not be subject to review.  No court may set aside any action or decision by the Attorney General under this section regarding the detention or release of any alien or the grant, revocation, or denial of bond or parole.

8 U.S.C. § 1226(e).  Contrary to the Defendants' assertion, the Court is not barred from reviewing Cho's claims.  At this point, the Court cannot conclude as a matter of law that Cho's FTCA claims seek to "set aside" any action or decision by the Attorney General.  Rather, her claims are an attempt to challenge the alleged tortious actions of ICE employees relating to the manner of her detention.  *See El Badrawi v. Dep't of Homeland Sec.*, 579 F. Supp. 2d 249, 271 (D. Conn. 2008).  Accordingly, Cho's false arrest, assault, false imprisonment, and intentional and negligent infliction of emotional distress FTCA claims shall go forward.

### C.     *Bivens* Claims

Cho also appears to assert *Bivens* claims against the Defendants John and/or Jane Does for violations of the Fourth and Fifth Amendments.  (Doc. 1 at 5).  In *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, the Supreme Court held that federal courts have inherent authority to award damages to plaintiffs whose federal constitutional rights have been violated by federal officials.  403 U.S. 388, 395 (1971).  The Supreme Court, however, has limited the application of *Bivens*, and a cause of action does not exist for every constitutional violation by a federal official.  *See Lyttle v. United States*, 867 F. Supp. 2d 1256, 1275 (M.D. Ga. 2012) (summarizing contexts where the Supreme Court has applied or rejected a *Bivens* remedy).

The Defendants again argue Cho fails to "identify an official acting under the color of federal law[,]" and she fails to allege sufficient facts to support a *Bivens* claim under the Fourth, Fifth, or Eighth Amendments.[5]  (Doc. 11-1 at 14).  Cho, however, adamantly denies that she is attempting to assert *Bivens* claims in her complaint.[6]  Pursuant to the FTCA, a plaintiff may not bring a civil action for money damages against federal employees for the same subject matter giving rise to the FTCA claim against the United States.  28 U.S.C. § 2679(b)(1).  The FTCA provides two exceptions for actions against federal employees: (1) *Bivens* claims for constitutional violations and (2) claims for violations of federal statutes which expressly authorize such action.  28 U.S.C.

---

[5] While Cho does not explicitly state a violation of the Eighth Amendment in her complaint, the Defendants also analyze her apparent *Bivens* claims as a violation of the prohibition on cruel and unusual punishment because of the nature of her allegations.

[6] In her response to the Defendants' motion, Cho states, "[The Defendants are] attempting to force a Bivens [c]laim and continue[] to make references and defenses as if it were a Bivens claim which it is not." (Doc. 12 at 2).

§ 2679(b)(2).  Thus, if Cho does not intend to pursue *Bivens* claims against the individual federal officers she includes in her complaint, then she has no cause of action against those officers.  Further, "[t]he United States has not waived its sovereign immunity from suit for money damages arising from constitutional violations." *Daniel v. United States*, 891 F. Supp. 600, 603 (N.D. Ga. 1995) (citations omitted).

Even if Cho were pursuing *Bivens* claims, those claims would nevertheless fail as a matter of law.  The Defendants' analysis overlooks the appropriate starting point for a *Bivens* claim – whether a *Bivens* remedy is available for the legal and factual scenario at hand.  In *Wilkie v. Robbins*, the Supreme Court set forth a two-step inquiry for determining whether to recognize a *Bivens* remedy for constitutional violations by federal employees.  551 U.S. 537, 550 (2007).  First, the Court must consider "whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages." *Id.* (citing *Bush v. Lucas*, 462 U.S. 367, 378 (1983)).  Second, even if no alternative remedy exists, the Court must look for "any special factors counselling hesitation before authorizing a new kind of federal litigation." *Id.* (citing *Bush*, 462 U.S. at 378).

Here, deportation proceedings are the appropriate context for determining the availability of a *Bivens* remedy.  *See Mirmehdi v. United States*, 689 F.3d 975, 981 (9th Cir. 2011) (citation omitted) ("Deportation proceedings are such a context, unique from other situations where an unlawful detention may arise.  It is well established that immigrants' remedies for vindicating the rights which they possess under the

Constitution are not coextensive with those offered to citizens."). Courts examining whether a *Bivens* cause of action exists for constitutional violations caused by federal employees during deportation proceedings have found that no such remedy exists in this context. *See, e.g., id.* at 983 (declining to extend *Bivens* to aliens alleging wrongful detention pending deportation); *Dukureh v. Hullett*, 2012 WL 3154966, at *5 (W.D. Wash.) (applying *Mirmehdi* to foreclose *Bivens* remedies for alleged violations of the Fourth Amendment for an alien's initial arrest and the Fifth Amendment for alleged false testimony given during immigration proceedings); *D'Alessandro v. Chertoff*, 2011 WL 6148756, at *4 (W.D.N.Y.) (applying *Mirmehdi* to foreclose *Bivens* remedies for alleged violations of the Fourth, Fifth, and Eighth Amendments arising from an alleged unlawful detention pending deportation proceedings).

The Court has not found, and the Parties have not pointed to, any Eleventh Circuit case law on this issue. While the cases cited above are not controlling precedent in this circuit, the Court finds these cases persuasive. Applying the Supreme Court's test from *Wilkie*, the Court first finds that alternative remedies exist in this context. Congress has established a comprehensive statutory scheme through the Immigration and Nationality Act, 8 U.S.C. § 1101 *et seq.*, that provides remedies for aliens in deportation proceedings. Habeas is also available as an alternative remedy. *Mirmehdi*, 689 F.3d at 982 (citing *Rauschenberg v. Williamson*, 785 F.2d 985, 987-88 (11th Cir. 1986)). Second, there are special factors counseling hesitation including diplomacy, foreign policy, and national security. *Id.* Thus, if Cho were asserting *Bivens* claims, the Court would decline to extend a *Bivens* remedy to constitutional violations arising from deportation proceedings.

Whether Cho intends to pursue claims for constitutional violations against the individual federal officials or against the United States, those claims fail as a matter of law. Accordingly, Cho's claims for violations of the Fourth and Fifth Amendments are **DISMISSED with prejudice**, and Defendants John and/or Jane Does are **DISMISSED as parties to this action**.

### D.     Civil Rights Act of 1964

Cho also asserts a claim for "organized verbal assaults, name calling, and National Origin oriented discrimination by words, action and omissions and the lack of or suppressed right of religious expression and equal diversity culture provision and opportunity" pursuant to the Civil Rights Act of 1964. (Doc. 1 at ¶ 30). Cho does not identify which title of the Act she intends to bring her claim under nor does she assert any facts in her complaint relevant to any cause of action available pursuant to the Act. Accordingly, Cho's Civil Rights Act of 1964 claim is **DISMISSED without prejudice**.

### III. CONCLUSION

For the foregoing reasons, the Defendants' motion to dismiss is **GRANTED in part** and **DENIED in part**. Further, the Plaintiff is **ORDERED** to recast her complaint to sufficiently allege her remaining claims and the facts supporting each claim within **14 days** of the entry of this Order.

**SO ORDERED,** this 19th day of September, 2013.

> S/ Marc T. Treadwell
> MARC T. TREADWELL, JUDGE
> UNITED STATES DISTRICT COURT