IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAE EEK CHO,  )<br>   )<br>   Plaintiff,  )<br>   )<br>v.  )<br>   )<br>UNITED STATES OF AMERICA,  )<br>   )<br>   Defendant.  )<br>   ) | CIVIL ACTION NO. 5:13-CV-153 (MTT) |

### ORDER

This matter is before the Court on the Plaintiff's "supplemental complaint with supporting motion to reconsider [the] Plaintiff's claims," which the Court construes as a motion for reconsideration. (Doc. 22). Pursuant to Local Rule 7.6, motions for reconsideration must be filed within 14 days after entry of the Court's Order. M.D. Ga. L.R. 7.6. The Plaintiff apparently wishes the Court to reconsider its Orders dated May 22, 2013 and September 19, 2013. (Docs. 4, 13). The Plaintiff's motion is clearly untimely.

Even if the Plaintiff's motion were timely, the motion would fail. Pursuant to Local Rule 7.6, "Motions for Reconsideration shall not be filed as a matter of routine practice." M.D. Ga. L.R. 7.6. "Reconsideration is appropriate only if the movant demonstrates (1) that there has been an intervening change in the law, (2) that new evidence has been discovered which was not previously available to the parties in the exercise of due diligence, or (3) that the court made a clear error of law." *Bingham v. Nelson*, 2010 WL 339806, at *1 (M.D. Ga.) (internal quotation marks and citation omitted). "In order to demonstrate clear error, the party moving for reconsideration must do more than simply

restate his prior arguments, and any arguments which the party inadvertently failed to raise earlier are deemed waived." *McCoy v. Macon Water Auth.*, 966 F. Supp. 1209, 1223 (M.D. Ga. 1997).

The Plaintiff has submitted a recent newspaper article discussing a lawsuit brought by a non-citizen formerly detained by U.S. Immigration and Customs Enforcement, and she contends this article is new information not previously available to her.  This article is not new evidence.  Instead, it is merely a summary of another plaintiff's allegations in a similar case.  But those allegations have nothing to do with the Plaintiff's own allegations and claims.  Accordingly, the Plaintiff's motion is **DENIED**.

The Plaintiff also contends that the Court dismissed her state law claims without any explanation.  This is incorrect.  Because the Plaintiff was granted leave to proceed in forma pauperis, the Court was required to screen her complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).  The Court dismissed the Plaintiff's state law claims because she could "not pursue state law claims against the 18 unknown Federal Protective Services Agents pursuant to 28 U.S.C. § 2679(b)(1)." (Doc. 4 at 2).  When a plaintiff files a claim pursuant to the Federal Tort Claims Act:

> The remedy against the United States provided by sections 1346(b) and 2672 of this title for injury or loss of property, or personal injury or death arising or resulting from the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment is exclusive of any other civil action or proceeding for money damages by reason of the same subject matter against the employee whose act or omission gave rise to the claim or against the estate of such employee.  Any other civil action or proceeding for money damages arising out of or relating to the same subject matter against the employee or the employee's estate is precluded without regard to when the act or omission occurred.

28 U.S.C. § 2679(b)(1).

-3-

**SO ORDERED,** this 20th day of March, 2014.

<div style="margin-left: 40%;">
<u>S/ Marc T. Treadwell</u>
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT
</div>