IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAE EEK CHO, | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-153 (MTT) |
| UNITED STATES OF AMERICA, | ) |
| Defendant. | ) |

### ORDER

This matter is before the Court on the Plaintiff's motion to transfer her case to the Northern District of Georgia. (Doc. 24). Venue is appropriate in this Court because the United States is the Defendant, and the Plaintiff resides in this District. *See* 28 U.S.C. § 1391(e)(1) ("A civil action in which a defendant is … the United States, may, except as otherwise provided by law, be brought in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action."). The Plaintiff summarily states that the events of her case occurred in the Northern District of Georgia. Thus, the Plaintiff has not sufficiently alleged that venue is also appropriate in that district.

Even if the Plaintiff had made this showing, transfer is discretionary. *See* 28 U.S.C. § 1404(a) (emphasis added) ("For the convenience of parties and witnesses, in the interest of justice, a district court *may* transfer any civil action to any other district or division where it might have been brought or to any district or division to which all

-2-

parties have consented."). Appropriate factors to consider regarding a motion to transfer pursuant to § 1404 include:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005) (citation omitted). The Plaintiff has not shown that transfer is warranted by the convenience of the parties or witnesses, a need for access to proof, or based on any of these other factors. Further, judicial economy does not favor transfer at this stage of the case. Accordingly, the Plaintiff's motion to transfer is **DENIED**.

**SO ORDERED,** this 4th day of April, 2014.

                                                       S/ Marc T. Treadwell
                                                       MARC T. TREADWELL, JUDGE
                                                       UNITED STATES DISTRICT COURT