IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DAE EEK CHO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 5:13-CV-153 (MTT) |
| UNITED STATES OF AMERICA, | ) ) ) |
| Defendant. | ) ) |

### ORDER

This matter is before the Court on the Plaintiff's motion to compel the Government to respond to interrogatories the Plaintiff alleges she submitted to the Government on February 15, 2014. (Doc. 29). However, the envelope containing the interrogatories was postmarked on March 24, 2014 and received by the Government the following day. Although the Government believes this request is untimely because the due date for responses falls outside of the close of discovery, the Government nevertheless agreed to respond to the interrogatories within 30 days in light of the Plaintiff's pro se status. The Plaintiff has not subsequently informed the Court that she did not receive those responses. Accordingly, the Plaintiff's motion to compel is **DENIED as moot**.

Also before the Court is the Plaintiff's motion to amend her administrative claim and Form 95. (Doc. 30). The Plaintiff seeks to amend her administrative claim because she contends she has discovered through consultation and medical examination that her long term health is more seriously jeopardized by the Government's actions than she initially believed. She now wants to amend her claim to assert an amount of

damages sufficient to cover the additional alleged harm to her health.  The Government argues that the Plaintiff has not satisfied the requirements of 28 U.S.C. § 2675(b) in order to amend her claim.

> A plaintiff may not bring a civil action
>
> for any sum in excess of the amount of the claim presented to the federal agency, *except where the increased amount is based upon newly discovered evidence not reasonably discoverable at the time of presenting the claim to the federal agency*, or upon allegation and proof of intervening facts, relating to the amount of the claim.

28 U.S.C. § 2675(b) (emphasis added).  The Plaintiff appears to contend the documentation she presents from her oncologist is newly discovered evidence.  However, it is not sufficient that the evidence is newly discovered.  The evidence must also have been not reasonably discoverable when the Plaintiff filed her administrative claim.  The Plaintiff's administrative claim was filed in October 2012.  The April 9, 2014 statement submitted by her oncologist states that Cho did not receive necessary therapy from April 2011 through February 2012 for her cancer treatment.  (Doc. 30 at 4).  Even if true, this is not newly discovered evidence.  The Plaintiff has already alleged in her complaint that she was denied this treatment as a result of her detention.

To the extent the Plaintiff is contending this letter shows the denial of treatment led to a higher risk of cancer recurrence, the letter does not support her assertion regarding causation.  Rather, the letter states, "[The Plaintiff] has a higher risk of recurrence than those diagnosed after menopause or with a less invasive cancer at diagnosis."[1]  (Doc. 30 at 4).  The letter goes on to state regular examinations and continuing therapy "are an integral part of the surveillance plan[.]"  (Doc. 30 at 4).

---

[1] The Plaintiff was diagnosed in 2007, prior to any of the events giving rise to her claims.  (Doc. 30 at 4).

Further, even if the letter provided support for the Plaintiff's apparent argument regarding causation, there is no indication that this evidence was not reasonably discoverable prior to filing her administrative claim.  The Plaintiff was released from custody in February 2012 and had the opportunity to obtain this sort of evidence prior to filing her administrative claim in October 2012.  Thus, the Plaintiff has not satisfied the requirements of 28 U.S.C. § 2675(b) to request an additional amount of damages.  Accordingly, the Plaintiff's motion to amend her administrative complaint is **DENIED**.

**SO ORDERED,** this 19th day of May, 2014.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT